**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

Nationwide Property and Casualty Insurance Company

Plaintiff,

v.

Norfolk Dredging Company, Timothy Moxley, Sam Lawrence, and Gerald Phillips,

Defendants.

Case No.: 2:23-cv-4465-BHH

**COMPLAINT**
**(Declaratory Judgment)**
**(Non-Jury)**

Plaintiff Nationwide Property and Casualty Insurance Company ("Nationwide") seeks declaratory relief to determine the rights of the parties and alleges and shows as follows:

## JURISDICTION AND VENUE

1. Nationwide is an insurance company organized and existing under the laws of the State of Ohio with its principal place of business in the State of Ohio. Nationwide is authorized to sell and does sell insurance in South Carolina.

2. Upon information and belief, Defendant Norfolk Dredging Company is a corporation organized and existing under the laws of the State of Virginia with its principal place of Virginia. The boating accident at issue in this action arises out of its dredging operations in Charleston Harbor.

3. Upon information and belief, Timothy Moxley is a citizen and resident of Charleston County, South Carolina.

4. Upon information and belief, Sam Lawrence is a citizen and resident of Charleston County, South Carolina.

5. Upon information and belief, Gerald Philips is a citizen and resident of Charleston County, South Carolina.

6. This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure; there is a real and justiciable controversy between the parties, and by these proceedings Plaintiff asks this court to inquire into and declare the rights and obligations of the parties arising out of the facts set forth below.

7. The amount in controversy exceeds seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under 28 U.S.C. § 1332(A)(1).

8. Venue is proper in this Division and this Court under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to this claim occurred in Charleston County, South Carolina.

## FACTUAL ALLEGATIONS

9. Nationwide issued a pleasure boatowners policy, policy number BTPC0079471636, to Sarah Moxley and Timothy Moxley with effective dates of June 12, 2021 to June 12, 2022 (the "Policy"). The Policy lists a 2020 Yamaha Sportsman boat, Serial No. SMNSF123G920, as the insured boat (the "Boat"). The Policy includes a $100,000 each person bodily injury liability limit. A copy of the Policy is attached hereto as Exhibit A.

10. The Policy provides coverage to persons qualifying as "insureds" for liability arising out of certain risks under the insuring agreement and limits Nationwide's defense and

indemnity obligations through limitations. Nationwide craves reference to the Policy for all terms, limitations, provisions, and exclusions therein and incorporates them by reference herein.

11. The Policy provides in pertinent part:

***<u>Section II – Watercraft Liability Coverage</u>***

***

***Coverage Agreement***
**PROPERTY DAMAGE AND BODILY INJURY LIABILITY COVERAGE**
We will pay for **bodily injury** or **property damage** for which an **insured person** is legally liable as a result of an **accident**.
The **accident** must arise out of the:
1. ownership, maintenance, or use of an **insured watercraft**; or
2. use of a **non-owned watercraft** by you or a **relative** of yours.

***

We will pay liability claims up to the limits stated in the **Declarations**. In addition to our limit of liability, we will:
1. defend at our expense, with attorneys of our choice, any suit against an **insured person**. We may settle or defend any claim or suit as we think proper.

***

After the limits of this coverage have been paid, we will not defend any suit nor pay any claim or judgment.

***

***Limits and Conditions of Payment***
Our Limits of Liability for **bodily injury** and **property damage** apply as follows:

***

2. The Bodily Injury Liability Limit for each person shown in the **Declarations** is the most we will pay for **bodily injury** to any one person in one **accident**….

***

12. Upon information and belief, on the evening of November 13, 2021, Gerald Phillips was operating the Boat in Charleston Harbor with Tiffany Bailey as a passenger when the Boat collided with a dredge pipe in the water.

13. Upon information and belief, the Boat was co-owned by Timothy Moxley and Sam Lawrence.

14. Upon information and belief, as a result of the collision, Tiffany Bailey suffered bodily injuries.

15. On May 5, 2022, Nationwide tendered to Tiffany Bailey the Policy's $100,000 each person bodily injury liability limit in exchange for a covenant not to execute in favor of Gerald Phillips, Sarah Moxley, Timothy Moxley, and Sam Lawrence. A copy of the covenant not to execute is attached hereto as Exhibit B.

16. Under the terms of the covenant not to execute, Bailey agreed not to execute against the personal assets of Gerald Phillips, Sam Lawrence, Timothy Moxley or Sarah Moxley. It states that these persons "shall never at any time, be liable to [Bailey] beyond the consideration expressed herein."

17. On March 30, 2023, Tiffany Bailey filed suit in the United States District Court for the District of South Carolina, Charleston Division against Norfolk Dredging Company, Civil Action No. 2:23-cv-1266-BHH (the "Underlying Complaint"). A copy of the Underlying Complaint is attached hereto as Exhibit C. The Underlying Complaint arises out of the same November 13, 2021 boating accident.

18. The Underlying Complaint alleges that Norfolk Dredging Company's dredge pipe was "insufficiently marked and/or illuminated" and alleges a negligence cause of action against Norfolk Dredging Company.

19. The Underlying Complaint alleges Bailey suffered bodily injuries as a result of the boat accident.

20. On July 7, 2023, Norfolk Dredging Company filed its Answer and Third-Party Complaint, asserting crossclaims against Gerald Phillips, Timothy Moxley, and Sam Lawrence (the "Third-Party Complaint"). A copy of the Third-Party Complaint is attached hereto as Exhibit D.

21. In the Third-Party Complaint, the only damages alleged under each cause of action are "injuries for which other seek to hold Norfolk liable, including all damages claimed by Tiffany Bailey."

22. The Third-Party Complaint does not allege that Norfolk Dredging Company personally suffered any damages as a result of the accident.

23. Norfolk alleges the Boat driver and Boat owners are at fault for Bailey's injuries and it is not.

24. Upon information and belief, the Defendants have or will seek liability coverage under the Policy for the claims alleged against the Third-Party Defendants in the Third-Party Complaint.

**FOR A FIRST DECLARATION**

25. Nationwide repeats and realleges the allegations above as if set forth fully verbatim below.

26. The Policy states that Nationwide will pay covered liability claims up to the limits stated in the Declarations. However, the Policy also states that after the limits of this coverage have been paid, Nationwide will not defend any suit nor pay any claim or judgment.

27. The only Policy coverage limit at issue in the Underlying Complaint and, consequently, the Third-Party Complaint is the $100,000 each person bodily injury liability limit.

28. In the Underlying Complaint, Bailey alleges she suffered bodily injuries as a result of the November 13, 2021 boat accident. In the Underlying Complaint, she does not allege any property damage as a result of the accident.

29. The Third-Party Complaint does not allege that Norfolk personally suffered any bodily injury or property damage as a result of the accident.

30. Rather, under each cause of action in the Underlying Complaint, Norfolk alleges that its damages are its potential liability to Bailey – "injuries for which others seek to hold Norfolk liable, including all damages claimed by Tiffany Bailey."

31. Thus, although labeled as different causes of action in the Third-Party Complaint, Norfolk's claims are each equitable indemnity claims.

32. The damages alleged in the Third-Party Complaint are derivative of Bailey's bodily injury claims. Consequently, all damages sought in the Third-Party Complaint would come within the Policy's each person bodily injury liability limits.

33. Nationwide previously paid Tiffany Bailey the Policy's entire $100,000 each person bodily injury liability limit in exchange for a covenant not to execute in favor of Defendants Moxley, Phillips, and Lawrence.

34. As a result, the only applicable policy limit for the Third-Party Complaint was previously paid in full.

35. Therefore, Nationwide is entitled to a declaration that it has no duty to defend or indemnify with respect to any claims alleged in the Third-Party Complaint.

**WHEREFORE**, Nationwide respectfully requests that the Court inquire into these matters and declare that:

(1) That all liability coverage under the Policy has been exhausted for Tiffany Bailey's bodily injuries resulting from the November 13, 2021 boat accident;

(2) That Nationwide does not owe a duty to defend;

(3) The Nationwide Policy does not provide any remaining liability coverage for the claims and damages alleged in the Third-Party Complaint;

together with such other and further relief as the Court may deem just and proper.

**MURPHY & GRANTLAND, P.A.**

*s/Wesley B. Sawyer*
Wesley B. Sawyer (Fed. I.D. No. 11244)
Post Office Box 6648
Columbia, SC 29260
(803) 782-4100
wsawyer@murphygrantland.com
***Attorneys for Nationwide Property and Casualty Insurance Company***

Columbia, South Carolina
September 5, 2023