**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**
**CASE NUMBER: 2:23-cv-04465-BHH**

| | |
|---|---|
| Nationwide Property and Casualty Insurance Company,<br><br>Plaintiff,<br><br>vs.<br><br>Norfolk Dredging Company, Timothy Moxley, Sam Lawrence, and Gerald Phillips,<br><br>Defendants. | **PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

Plaintiff Nationwide Property and Casualty Insurance Company ("Nationwide") hereby moves for judgment on the pleadings in its favor. The grounds for this Motion are set forth below.

In this declaratory judgment action, Nationwide seeks enforcement of a policy provision in a boatowners policy. The provision states that the insurer has no duty to defend after its limits of coverage have been paid. On November 13, 2021, Tiffany Bailey was a passenger in a boat when it collided with a dredge pipe in the water. Nationwide provided certain liability coverage for the operation of the boat. As a result of the accident, Nationwide paid Bailey the policy's $100,000 "each person" bodily injury liability limit in exchange for a covenant not to execute protecting Nationwide's potential insureds, including the boat operator and owners. Thereafter, Bailey brought suit against the dredging company, Norfolk Dredging Company ("Norfolk"), alleging it was responsible for the accident. Norfolk then brought a third-party complaint against the boat operator and owners asserting equitable indemnity claims against them. As Norfolk admits, its only alleged damages in the third-party complaint are amounts Norfolk would be

liable to pay Bailey as a result of her bodily injuries. Thus, with respect to the third-party complaint, the only applicable Nationwide liability policy limit is the "each person" bodily injury liability limit, which Nationwide has already paid.

Under the policy terms, Nationwide has no duty to defend the third-party defendants against the claims in the third-party complaint because it has already paid the only applicable liability limit. The Nationwide boatowners policy terms are not in contravention of any applicable statute and are enforceable as written.

WHEREFORE, Plaintiff Nationwide respectfully requests that the Court grant its Motion for Judgment on the Pleadings, declaring that Nationwide does not have a duty to defend the claims alleged in Norfolk's third-party complaint.

MURPHY & GRANTLAND, P.A.

s/Wesley B. Sawyer, Esquire
Wesley B. Sawyer, Esquire (Fed. Bar No. 11244)
4406-B Forest Drive (29206)
P.O. Box 6648
Columbia, South Carolina 29260
(803) 782-4100
**Attorneys for Plaintiff Nationwide Property and Casualty Insurance Company**

Columbia, South Carolina
May 2, 2024